UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JALAL YAHIA-ALI SAEED,

        Petitioner,        Case No. 1:06-cv-713

v.        Honorable Gordon J. Quist

SHIRLEE A. HARRY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it fails to state a meritorious federal claim.

**Discussion**

    I.    Factual Allegations

Petitioner is presently incarcerated at the Muskegon Correctional Facility. On July 30, 2001, he pleaded *nolo contendere* to one count of third-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520d(1)(a), and one count of possession with intent to deliver marijuana MICH. COMP. LAWS § 333.7401, in the Branch County Circuit Court. (Def.'s Br. in Support of Mot. For Relief From J., p. 1, docket #1). In exchange for Plaintiff's plea, the prosecution agreed to drop additional charges brought against him. (*Id*.)

At the August 24, 2001 sentencing, the circuit court apparently concluded that Petitioner was on bond for the CSC charge at the time he committed the marijuana offense and sentenced Petitioner to consecutive sentences of 90 to 180 months' incarceration for the CSC conviction and 15 to 48 months' incarceration for the marijuana conviction. (Def.'s Br. in Support of Mot. For Relief From J., p. 1, docket #1). Petitioner apparently appealed the marijuana sentence, and on May 13, 2003, the circuit court entered an amended judgment of sentence on the marijuana conviction, ordering Petitioner's sentences to be served concurrently rather than consecutively. (*Id*.)

On August 11, 2004, Petitioner moved for relief from the CSC sentence in the circuit court pursuant to MICH. CT. R. 6.500 *et seq*. (Def.'s Mot. For Relief From J., docket #1). In his motion, Petitioner claimed that, pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), he was entitled to re-sentencing on the CSC conviction because the circuit court mis-scored Offense Variables 6 and 11, resulting in a minimum sentence that exceeded the guidelines range. (*Id*. § 2; Def.'s Br. in Support of Mot. For Relief From J., pp. ii, 5-10).

Petitioner specifically argued that, contrary to the circuit court's conclusion at the August 2001 sentencing, he was not on bond, parole, or probation when he committed the CSC offense at issue; therefore the proper minimum sentence for the CSC conviction was 43 to 86 months, not 90 to 180 months.  (Def.'s Br. In Support of Mot. For Relief From J., p. 6).

On January 10, 2005, the circuit court denied Petitioner's motion for relief from judgment.  (Pet.. Ex. F, Def.-Appellant's Delayed Application for Leave to Appeal, ¶ 4, docket #1).  Petitioner moved for reconsideration, and on June 28, 2005, the circuit court granted the motion in part, based on the mis-scoring of Offense Variable 6.  (*Id.*)  The court found that Petitioner should be resentenced on the CSC conviction within the minimum guideline range of 43 to 86 months.  (*Id.*)

Thereafter, it appears that to correct the previous misscoring of Offense Variable 11, the trial court on July 29, 2005 resentenced Petitioner to 70-180 months imprisonment on the CSC conviction based on the minimum guideline range of 36 to 71 months (Pet. Ex. F, Def.-Appellant's Delayed Application for Leave to Appeal, ¶ 5, docket #1).  The circuit court declined to apply *Blakely v. Washingon* to Petitioner's sentence, finding *Blakely* inapplicable to Michigan's sentencing scheme.  (*Id.*)  The court entered a judgment reflecting the revised sentence on August 11, 2005.  (Mich. Ct. App. 267826 at Docket #2).[1]

On January 12, 2006, Petitioner filed a delayed application for leave to appeal the circuit court's August 11, 2005 order.  (Mich. Ct. App. 267826 at Docket #1).  In his brief, filed by counsel, Petitioner argued that *Blakely* in fact does apply to his CSC sentence, and requires that his minimum sentence be reduced to the "default range" of 10 to 19 months.  (Pet. Ex. F, Def.-Appellant's Delayed Application for Leave to Appeal, ¶¶ 6-7; Def.-Appellant's Br. In Support of

---

[1]The capitalization of "Docket" denotes the Michigan Court of Appeals docket entry; as opposed to the lower-case "docket," which denotes this Court's docket in this case.

Delayed Application for Leave to Appeal, pp. ii, 2, 5-11 docket #1). On February 24, 2006, the Michigan Court of Appeals denied Petitioner leave to appeal based on the "lack of merit in the grounds presented." (Mich. Ct. App. 267826 at Docket #8). Petitioner appealed the court of appeals ruling to the Michigan Supreme Court, which denied leave to appeal on July 31, 2006, because it was not persuaded it should review the issue presented. (Mich. 130712 at Docket #14). Petitioner did not seek any further review of his CSC sentence.

II.     Failure to State a Meritorious Federal Claim

A federal court may grant a writ of habeas corpus only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000); *Robinson v. Stegall*, 355 F.3d 916, 917 (6th Cir. 2000). The Supreme Court has made it clear that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("reemphaz[ing] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) and *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because the issue Petitioner raises does not implicate the U.S. Constitution or laws or treaties of the United States, his claim is not cognizable on federal habeas corpus review.

A Petitioner's claim that a particular sentence was based on errors in calculating a guidelines score is not generally cognizable on federal habeas review. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations"; thus, the trial court's purported error in concluding that Petitioner was on bond when he committed the CSC offense, standing alone, does not warrant habeas relief. *See id.*

Petitioner attempts to raise a federal claim by arguing that the trial court violated his Sixth Circuit right to a trial by jury under *Blakely* when it misscored Offense Variables 6 and 11, which improperly increased his minimum sentence range. (Pet. Attach. A, pp. 1-2, docket #1). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely*, 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.; and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of

*Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09.  Because the trial court in the present case sentenced Petitioner well within the parameters of Michigan's indeterminate sentencing scheme, it did not violate his Sixth Amendment rights.  *See, e.g., George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).  Petitioner therefore fails to state a meritorious federal claim and his petition should be dismissed with prejudice.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it does not state a meritorious federal claim.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  November 20, 2006                               /s/ Hugh W. Brenneman, Jr.
                                                                              Hugh W. Brenneman, Jr.
                                                                              United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).